IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| D.L., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 1:23-CV-33 (TQL) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Plaintiff filed this Social Security appeal on February 27, 2023, challenging the Commissioner's final decision denying her disability application, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 8; Clerk's Entry, February 28, 2023). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec.*

*Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam); and then quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow for an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed her initial application for Supplemental Security Income (SSI) on August 6, 2013. (Tr. 209). The Social Security Administration found Plaintiff qualified for SSI and approved

her claim. *Id.* On October 10, 2017, the Social Security Administration notified Plaintiff she no longer qualified for SSI. (Tr. 231). Plaintiff requested reconsideration of this decision. (Tr. 236). A disability hearing officer determined Plaintiff was no longer disabled and affirmed the prior cessation date of October 10, 2017. (Tr. 259-66).

Plaintiff requested a hearing (Tr. 276) and appeared before an Administrative Law Judge (ALJ) on September 12, 2019. (Tr. 90). Following this hearing, Plaintiff reached the age of 18 and appeared before the ALJ via telephone for a supplemental hearing on December 1, 2020. (Tr. 68-69). Plaintiff requested her supplemental hearing be postponed until she was able to appear for a live hearing. (Tr. 75). On June 8, 2021, Plaintiff appeared via telephone before the ALJ.  Plaintiff's stepfather, on Plaintiff's behalf, agreed to go forward with her hearing via telephone. (Tr. 38-39). In a hearing decision dated February 24, 2022, the ALJ determined Plaintiff was not disabled as of October 10, 2017. (Tr. 153-76). Plaintiff sought review of the ALJ's decision before the Appeals Council. (Tr. 364-65).

The Appeals Council granted Plaintiff's request for review of her claims that she was disabled prior to attaining the age of 18 and remanded that portion of her claim to the ALJ. (Tr. 193-94, 201-02). The Appeals Council declined to review the ALJ's determination that Plaintiff was not disabled after attaining the age of 18. (Tr. 186). The ALJ's decision regarding Plaintiff's disability after attaining the age of 18 became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 186-88).

Following the Appeals Council's denial of review, Plaintiff submitted school records to the Appeals Council which she claimed were new and material evidence. (Tr. 16-35). Plaintiff requested the Appeals Council reopen its prior denial of review in light of this new evidence. (Tr. 16-17). The Appeals Council denied Plaintiff's request for reopening. (Tr. 466).

*Statement of Facts and Evidence*

Plaintiff was born on June 4, 2002. (Tr. 950). Plaintiff was fifteen (15) years old at the time she was found to be no longer disabled. (Tr. 231). The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 3, 2020. (Tr. 169). The ALJ determined that Plaintiff suffered from the following severe impairments prior to obtaining the age of 18: mild persistent asthma, ADHD, borderline intellectual functioning, mild intellectual disorder, disruptive impulse control and conduct disorder, depression, and anxiety. (Tr. 161). The ALJ found Plaintiff obtained no new severe impairments since obtaining the age of 18 but continued to have a severe impairment or combination of impairments. (Tr. 169).

Considering the "paragraph B" criteria, the ALJ found that Plaintiff had a moderate limitation in her ability to understand, remember, or apply information; a moderate limitation in her ability to interact with others; a moderate limitation in her ability to concentrate, persist, or maintain pace; and a moderate limitation in her ability to adapt or manage herself. (Tr. 169-70). Because the ALJ found that Plaintiff's medically determinable mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied. (Tr. 170). The ALJ found that the evidence failed to establish the presence of the "paragraph C" criteria. *Id.* Considering the evidence relating to all of Plaintiff's impairments, individually and in combination, the ALJ found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the listings. (Tr. 169-71).

Considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work, except she can tolerate no more than frequent exposure to dust, fumes, and pulmonary irritants. (Tr. 171). Plaintiff was limited to performing simple, routine, and repetitive

tasks, but not at an assembly line or high production pace. *Id.* Plaintiff could engage in no more than occasional interaction with the general public, coworkers, and supervisors beyond the initial training period and could adapt to few changes in the work setting. (Tr. 171-72).

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 175-76). Ultimately, the ALJ concluded Plaintiff's disability, as defined in the Social Security Act, ended as of October 10, 2017, and Plaintiff had not become disabled again since that date. (Tr. 176).

## DISCUSSION

Plaintiff argues her cases should be remanded back to the Commissioner for four reasons. First, Plaintiff asserts the Court should remand under Sentence Four because the Appeals Council erroneously denied review after receiving Plaintiff's updated school records and individualized education plan (IEP). Second, Plaintiff argues the Court should remand under Sentence Six, asserting portions of Plaintiff's updated school records and IEP constitute new and material evidence that was not submitted to the Commissioner during the administrative process. Third, Plaintiff asserts that the ALJ failed to fully develop the record because he failed to obtain Plaintiff's updated education records and IEP. Plaintiff also asserts the ALJ had a special duty to develop the record because Plaintiff did not effectively waive her right to representation. Fourth, Plaintiff asserts the ALJ's decision was not based on substantial evidence because the RFC and the hypothetical questions to the vocational expert (VE) failed to account for Plaintiff's depression and anxiety.

### I.     *Appeals Council's Denial of Review – Sentence Four Remand*

"[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1262 (11th Cir. 2007). "To obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 894 (11th Cir. 2015)

Here, Plaintiff submitted no new evidence to the Appeals Council prior to the denial of review. On October 26, 2022, the Appeals Council declined to review the ALJ's decision regarding Plaintiff's claim for disability after obtaining the age of 18. (Tr. 186-88). Plaintiff did not submit the educational records and IEP which she relies on until November 17, 2022, after the Appeals Council had already denied review. (Tr. 16-17). Thus, to the extent Plaintiff challenges the Appeal Council's October 26 Order denying review, she fails to demonstrate the Appeals Council was presented with any new evidence that would "render[] the denial of benefits erroneous" at that time. *Ingram,* 496 F.3d at 1262.

Plaintiff could alternatively be challenging the Appeals Council's decision to not reopen the prior decision denying review after Plaintiff submitted her updated IEP and school records. (Tr. 468-69).  However, "a decision refusing to reopen an earlier application ordinarily is considered an interim decision not reviewable under § 405(g)." *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003); *see also* 20 C.F.R. § 404.903(l) (indicating that decisions "[d]enying [a] request to reopen a determination" are not subject to judicial review).[1] The cases cited by Plaintiff

---

[1] While the Commissioner does not raise this argument, this issue must be addressed because the Court "lack[s] subject matter jurisdiction to review a denial of a request to reopen." *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 840 (11th Cir. 2012). "Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.,* 963 F.3d 1302, 1311 (11th Cir. 2020).

involve judicial review of a decision denying review, not a decision refusing to reopen a previously issued denial of review. *Ingram*, 496 F.3d at 1262 ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), *a denial of review* by the Appeals Council.") (emphasis added). Accordingly, the Plaintiff is not entitled to a Sentence Four remand based on evidence she submitted after the Appeals Council denied review.

## II.   New, Material Evidence – Sentence Six Remand

A Sentence Six remand is appropriate where claimant establishes that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Here, the Government has not argued that Plaintiff lacked good cause for failing to submit this evidence before the Appeals Council denied review of the ALJ's decision. Accordingly, that argument is abandoned, and the Court need only determine whether the evidence submitted by Plaintiff is new and material.[2] Remand under Sentence Six is inappropriate in this case because all of the evidence cited by Plaintiff is either cumulative or immaterial.

Several portions of the purportedly new evidence submitted by Plaintiff are cumulative of evidence already considered by the ALJ. For instance, Plaintiff notes that her IEP requires that she receive five sessions of special education in literature, math, and social studies each week. (Doc. 15-1 at 21, 38). Similar information is presented in a questionnaire completed by one of Plaintiff's teachers in January of 2021, noting Plaintiff requires five sections of special education in reading,

---

[2] The Court notes that the evidence presented in Plaintiff's "Exhibit A" is identical to evidence from the transcript of the administrative proceedings. *Compare* Doc. 15-1; *with* Tr. 15-35, 1101-1130. Typically, a court cannot grant a Sentence Six remand based on evidence that "has been considered by the Commissioner and is part of the administrative record." *Ingram*, 496 F.3d at 1269. However, as outlined above, this evidence was only considered by the Appeals Council when they made their unreviewable decision to deny reopening. Thus, it appears this evidence was not "properly presented to the Appeals Council" during the normal course of the administrative proceedings. *Id.*

math, and written language per week. (Tr. 688). Similarly, Plaintiff cites portions of her IEP which indicate that she "struggles with written language as well as reading comprehension…has deficits with retention of skills…[and] struggles to maintain focus during classroom tasks." (Doc. 15-1 at 8). Plaintiff also cites portions of her IEP which state she "receives services in the Mild Intellectual Disability program…[which] affects her ability to recall prior knowledge as well as the ability to clearly understand and produce grade-level writing." *Id.* at 9. Once again, Plaintiff's evidence is cumulative of evidence from the teacher questionnaire. Plaintiff's teacher notes that Plaintiff has "a serious problem" with "[r]eading and comprehending written material," as well as "an obvious problem" with "[e]xpressing ideas in written form…[and r]ecalling and applying previously learned material." (Tr. 689). Plaintiff's teacher also notes that Plaintiff "experiences difficulties in maintaining focus." *Id.* Accordingly, these portions of the school records and IEP cited by Plaintiff do not constitute "new, noncumulative evidence" sufficient to support a Sentence Six remand. *Caulder*, 791 F.2d at 877.

The portions of Plaintiff's new evidence that are noncumulative are still immaterial because there is not a "reasonably possibility" that this evidence "would change the administrative result." *Id*. The ALJ assigned Plaintiff an RFC that limited her to "simple, routine, and repetitive tasks, further described as unskilled work with a reasoning level of two or less per the *Dictionary of Occupational Titles* but not at an assembly line or high production pace." (Tr. 171). There are two pieces of noncumulative evidence which Plaintiff asserts contradict this RFC.

First, Plaintiff cites portions of her school records, indicating she has attended summer school every year since the 9th grade. (Doc. 15-1 at 4). However, there is not a reasonable possibility that this evidence would impact the administrative result because the ALJ already considered several pieces of evidence indicating Plaintiff struggled to achieve academic milestones

on a standard timeline. For instance, Plaintiff's stepfather testified during the June 2021 hearing that Plaintiff had been "held back" in both first grade and kindergarten, was receiving the "equivalent to all failing grades" in her classes, and was not on track to graduate the following year. (Tr. 52-53). The fact that Plaintiff required summer school may be "new" information, but it does not provide any probative value that was not already provided by the testimony of Plaintiff's stepfather.

Second, Plaintiff cites selections from her IEP indicating she requires special testing and instructional accommodations. These accommodations include extended test taking time, preferential seating, small group testing, explanation or paraphrasing of directions for clarity, repetition of directions, use of a calculator, daily feedback, and positive reinforcement. (Doc. 15-1 at 18, 35). However, courts presented with similar educational records have found similar RFC determinations were supported by substantial evidence. *See Krystalie M.P. v. Comm'r of Soc. Sec.,* 2022 WL 10375138 at *4 (S.D.N.Y. 2022) ("Plaintiff's school records document several disability-related accommodations, including extended time for tests, testing in a separate location, and the need to have questions and directions read…The ALJ incorporated work-related limitations consistent with those challenges, including a …limitation to work that is simple and routine and without production-rate pressure."); *Albert v. Kijakazi*, 34 F.4th 611, 615 (7th Cir. 2022) ("The IEP did go on to say, however, that Albert was 'easily distracted and overwhelmed,'…But the ALJ's RFC determination accounts for these limitations by limiting Albert to 'simple, routine, and repetitive tasks in a relatively static work environment.'").

Furthermore, the fact that Plaintiff required testing and instructional accommodations fails to contradict other substantial evidence relied on by the ALJ in forming Plaintiff's RFC. For instance, a psychological evaluation completed in October 2021 indicated Plaintiff is "capable of

9

understanding at least simple instructions" and that her "[c]oncentration and task persistence are adequate for carrying out simple instructions and normal routines." (Tr. 1095).

Because Plaintiff has not demonstrated that these new pieces of evidence contradict the ALJ's RFC assessment, the Court finds this evidence is not "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Caulder*, 791 F.2d at 877.

### III.     *Failure to Develop the Record*

#### A. <u>Waiver of the Right to Representation</u>

"A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When an unrepresented claimant has not waived their right to representation, the ALJ's "obligation to develop a full and fair record rises to a special duty." *Id.* (quoting *Kelley v. Heckler,* 761 F.2d 1538, 1540 (11th Cir.1985)). "A claimant cannot knowingly and intelligently waive his statutory right to counsel when he is not adequately informed of it either in a prehearing notice or at his hearing." *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982).

Here, Plaintiff was fully appraised of her right to representation on multiple occasions and made the informed decision to proceed without representation. Prior to all three of Plaintiff's hearings before an ALJ, a prehearing notice was sent to Plaintiff notifying her of her right to representation. (Tr. 301-02; 321-22; 345-46). Prior to Plaintiff's first hearing in September 2019, her stepfather signed a form acknowledging receipt of this information and waiving Plaintiff's rights to representation. (Tr. 315). Additionally, the ALJ orally advised Plaintiff and Plaintiff's stepfather about her rights to representation at each of the three hearings. (Tr. 39-40; 70-71; 92-94). Plaintiff was present for each of these hearings and either expressly affirmed that she wished

10

to proceed without representation, (Tr. 92-94), or failed to raise an objection when her stepfather indicated Plaintiff would proceed without representation. (Tr. 39-40; 70-71).

Plaintiff alleges the ALJ failed to orally advise Plaintiff of her rights to representation during the December 2020 telephonic hearing because the ALJ failed to confirm whether he was speaking with Plaintiff or Plaintiff's mother. Additionally, Plaintiff claims the ALJ never asked Plaintiff to verify that she understood her right to representation during the June 2021 hearing, speaking only to Plaintiff's stepfather. However, even assuming these oral advisements were not adequate, Plaintiff still fails to explain why the ALJ's statements to Plaintiff and her stepfather during the September 2019 hearing were insufficient to apprise Plaintiff of her right to counsel. (Tr. 92-94). Furthermore, Plaintiff provides no reason why the written notices regarding Plaintiff's right to representation, including the one signed by her stepfather, were inadequate. Thus, the record reflects that Plaintiff was repeatedly advised throughout the administrative process that she had the right to representation. Plaintiff knowingly waived that right and proceeded without representation.

B.  ALJ's Development of the Record

Even where a claimant has knowingly waived their right to representation, the ALJ still has a "basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Nevertheless, the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). An ALJ's failure to develop the record only requires remand when "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982).

Here, Plaintiff fails to demonstrate the ALJ's failure to acquire her updated school records and IEP resulted in unfairness or clear prejudice. As was outlined above, the evidence Plaintiff cites from her updated school records and IEP is either cumulative of evidence already considered by the ALJ, or immaterial such that there is no reasonable possibility the evidence would have changed the administrative result. In other words, even if the ALJ had obtained Plaintiff's school records, "the new evidence would not have changed the outcome of [the] case." *Clark v. Comm'r Soc. Sec. Admin.*, 848 F. App'x 858, 864 (11th Cir. 2021). Besides her school records and IEP, Plaintiff does not assert there is any other evidence which the ALJ had a duty to obtain. Thus, Plaintiff has failed to demonstrate the existence of any "evidentiary gaps which result[ed] in unfairness or 'clear prejudice.'" *Smith*, 677 F.2d at 830.

IV. *Depression and Anxiety in the RFC and VE Hypothetical*

A. ALJ's RFC Assessment

"Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink v. Comm'r, Soc. Sec*, 935 F.3d 1245, 1268 (11th Cir. 2019). When a claimant possesses a mental impairment, the ALJ must discuss how the mental impairment affects the claimant's RFC. *See id.* at 1269 ("[W]hile it mentions that Schink had bipolar disorder, the [ALJ's] decision contains no real discussion of how the mental condition affected Schink's RFC."); *see also Arce v. Comm'r, Soc. Sec.*, 2024 WL 36061 at *2 (11th Cir. 2024) ("Although the ALJ found mild mental impairments in her step 2 analysis, her RFC assessment at step 4 apparently was limited to Arce's physical abilities and impairments and erroneously omitted considering her mental ones.").

Here, the ALJ adequately accounted for Plaintiff's depression and anxiety in the RFC determination. Plaintiff asserts the ALJ's decision "wholly fails to even mention" Plaintiff's

12

depression and anxiety. (Doc. 15 at 17). However, the ALJ's RFC analysis cites multiple pieces of evidence indicating that Plaintiff suffered from symptoms of depression and anxiety. *See* Tr. 172 ("[Plaintiff] took medication for depression but would cry and shut down."); Tr. 173 ("The claimant endorsed symptoms of moderate depression and anxiety."); Tr. 174 ("[Plaintiff] endorsed symptoms of mild depression."). Additionally, the ALJ's decision clearly states how Plaintiff's limitations in four areas of mental functioning were accounted for in the RFC.

> [Plaintiff's] moderate limitations in understand, remember, and apply information and concentration, persistence, and pace are accommodated by the restriction to simple, routine, and repetitive tasks. Her moderate limitation in interact with others is accommodated by the restrict[ion] to occasional interaction with the general public, coworkers, and supervisors. Her moderate limitation in adapt or manage oneself is accommodated by the restriction to few changes [in the] work setting.

(Tr. 175). This language distinguishes the RFC analysis in this case from the RFC analysis in *Schink*, which failed to "include even a single finding about [claimant]'s mental capacities." *Schink*, 935 F.3d at 1269. Accordingly, the ALJ adequately analyzed Plaintiff's depression and anxiety and accounted for all mental limitations in Plaintiff's RFC.

### B. ALJ's VE Hypothetical

A VE's testimony only constitutes substantial evidence when "the ALJ… pose[s] a hypothetical question which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227. A VE hypothetical is proper when it "include[s] the symptoms from the RFC determinations." *Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 895 (11th Cir. 2011).

Here, the ALJ included all of the limitations from Plaintiff's RFC in the VE hypothetical. *Compare* Tr. 61, *with* Tr. 171-72. As established above, the ALJ's RFC determination sufficiently accounted for Plaintiff's depression and anxiety. Thus, "the hypothetical questions posed to the

VE were proper, as they included the symptoms from the RFC determinations." *Carroll*, 453 F. App'x at 895.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 29th day of February, 2024.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE